**SO ORDERED: October 29, 2009.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| ARVINYL METAL FINISHING | ) | CASE NO. 7-05620-BHL-7 |
| GROUP, LLC., | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| JOSEPH A. THOMAS, JOSEPH A. | ) | |
| THOMAS KOEGH, MARK McCAUGHEY, | ) | |
| JOHN W. GIDMAN, THE COLUMBIA | ) | |
| FIRST GROUP, LTD., CARL W. GROW, | ) | |
| CARL W. GROW FAMILY, L.P., | ) | |
| THE JOHN JENNEY TRUST, and | ) | |
| GREG B. STEVENS, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     vs. | ) | ADV. PRO. NO. 08-50645 |
| | ) | |
| ARVINYL METAL LAMINATES, CORP., and | ) | |
| JAMES H. BARRETT, | ) | |
|     Defendant. | ) | |

**ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

This matter was initiated by the filing of a **Complaint to Equitably Subordinate the Claims of James H. Barrett and Arvinyl Metal Laminates, Corp.** on December 12, 2008, and

now comes before the Court on the **Plaintiffs' Motion for Summary Judgment for Equitable Subordination of the Claims of James H. Barrett and Arvinyl Metal Laminates Corp.** [Docket No. 25] filed on May 8, 2009. The **Response to Plaintiffs' Motion for Summary Judgment for Equitable Subordination** was filed on July 15, 2009, and the matter was fully briefed by August 11, 2009.

The parties herein have a long and contentious history. The historical highlights were well laid out by Judge McKinney in the most recent Judgment rendered by the U.S. District Court, and are repeated in substance herein without reference to supporting evidence:

Background

Barrett and each of the Defendants (Carl W. Grow, Greg B. Stevens, and The Columbia First Group, Ltd.) were members of Arvinyl Metal Finishing Group, LLC ["AMFG"], an Indiana limited liability company. AMFG was formed in July 1999. Barrett was President and Director of AMFG from its formation until July 31, 2001. Barrett is also the majority holder of Arvinyl Metal Laminates Corporation ["AML"], a California corporation that is a part owner of AMFG.

On or about March 1, 2000, and September 1, 2000, AMFG became indebted to Union Planters Bank ["UPB"] upon a "Business Credit Note" for $1,500,000.00 and a "Credit Note" for $150,000. In order for AMFG to obtain these loans, Greg Stevens and Fred Barrett executed and delivered limited continuing guaranties of the indebtedness, and James Barrett and Carl Grow executed and delivered unlimited continuing guaranties.

AMFG filed a petition for Chapter 11 bankruptcy in May 2001, which was later converted to a Chapter 7 bankruptcy in December 2001. In November 2001, UPB filed a complaint in Marion County Superior Court for collection of the notes and guaranties of Barrett and

Defendants. On July 2, 2002, Barrett, Fred Barrett, and AML entered into a settlement agreement with UPB in satisfaction of all guarantees up to the sum of $600,000.00. Barrett paid the $600,000.00 to UPB. Defendants also entered into an agreement with UPB whereby they agreed to pay UPB a total of $190,000.00 for release of their liability. Notwithstanding that agreement, Defendants were released from liability by UPB after paying only $70,000.00.

In February 2002, Defendants were among the plaintiffs in an action in which AMFG was the derivative defendant and Barrett and AML were the defendants. On May 2, 2002, the Bankruptcy Court entered an "Order of Abandonment" abandoning the assets of AMFG. This Order specifically referenced the pending state court action against Barrett and AML, and stated that the Trustee thereby abandoned its right to the property (i.e. the judgment), pending the rights of any secured creditors.

On May 28, 2003, Marion County Superior Court No. 7 issued its Findings of Fact, Conclusion of Law, and Judgment ["Judgment"] in that action in which it concluded, as a matter of law, that Barrett breached his fiduciary duty to AMFG. Specifically, the Court concluded that Barrett transferred equipment and inventory from AMFG without authorization, credit or payment; failed to protect confidential proprietary information of AMFG by transferring the equipment and inventory from AMFG; and transferred sales from AMFG without authorization, credit, or payment. Further, the Court concluded that AML failed to complete a Merger of Assets with AMFG. On November 4, 2005, that court issued a judgment on behalf of the derivative defendant, AMFG, against Barrett and AML for $1,044.665.00 as a result of those findings and conclusions. The Indiana Court of Appeals affirmed the finding that Barrett and AML breached their fiduciary duty to AMFG.

In response to Barrett's claim that the losses of the plaintiffs in his state case were not shown to be attributable to him, the Indiana Court of Appeals stated that "the [lower] court explicitly [] found in its summary judgment order [that the losses were attributable to Barrett], and Barrett does not appear to challenge those findings of appeal." In support of this statement, the Court of Appeals cited the plaintiffs' numerous explicit citations in their complaint that, as a direct result of Barrett's breaches, the plaintiffs were unable to meet their obligations and were forced into bankruptcy. The Court of Appeals also noted that these allegations were incorporated into the motion for summary judgment that the lower court granted, and further discussed testimony from the damages hearing in which a witness stated that Barrett's breach of fiduciary duty caused damages "because of the demise of the company, everyone that was involved with the company . . . lost their investment because of the breach." The Indiana Supreme Court refused to hear Barrett's appeal of the Court of Appeals decision.

On June 18, 2007, an involuntary Chapter 7 proceeding was commenced against the Debtor. On February 18, 2008, Barrett filed a proof of claim in the bankruptcy for "contribution/indemnification for payment of Debtor's obligations" in the amount of $838,082.50, docketed as Claim No. 4-1. On May 27, 2008, AML filed a proof of claim for "Loans and Goods Sold" in the amount of $1,208.581.00, docketed as Claim 5-1.

On or about July 17, 2007, Barrett and AML paid $1,100,000.00 of the state court judgment which was subsequently paid over to the Trustee. Barrett also paid the outstanding interest owed on the Judgment to the Trustee. Defendants and others sued the Chapter 7 Trustee of AMFG and others in a bankruptcy adversary proceeding in an effort to establish ownership of the Judgment against Barrett. On May 23, 2008, Defendants and others agreed to a proposed

settlement of the adversary proceeding with the Trustee under which the Trustee agreed to pay them $405,000.00 in full satisfaction of the claims of the members of the Thomas Group (which includes Defendants) against Barrett.

Discussion

In the aforementioned District Court proceeding, Judge McKinney concluded, by Order entered November 13, 2008, that Barrett's claim of contribution against the Defendants (Grow, Stevens, and The Columbia Group) was barred by the doctrine of unclean hands. In so holding, McKinney necessarily found that Barrett's misconduct was intentional; that such wrongdoing concerned Defendants and had an immediate and necessary relation of the matter in litigation; and that Defendants were injured by Barrett's conduct. Stated another way, "[t]he Court cannot allow Barrett to seek contribution as a way to offset damages he suffered when Barrett himself played a significant role in causing those damages in the first place."

In this proceeding, the named Plaintiffs have asked the Court to subordinate the claims of Barrett and AML in AMFG's bankruptcy under the doctrine of equitable subordination and due to their "unclean hands". Section 510(c)(1) of the Bankruptcy Code provides that a court may "under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest."

In *In re Kreisler*, 546 F.3d 863, at 866, the Seventh Circuit observed that "[e]quitable subordination allows the bankruptcy court to reprioritize a claim if it determines that the claimant is guilty of misconduct that injures other creditors or confers an unfair advantage on the claimant." 546 F.3d 863, 866 (2008). The Court went on to list three conditions which must exist before a

5

claim should be subordinated: (1) the claimant must have "engaged in 'some type of inequitable conduct'"; (2) the misconduct must have "'resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant'"; and (3) subordination must "'not be inconsistent with the provisions of the Bankruptcy Act.'". *Id.* (citing *United States v. Noland*, 517 U.S. 535, 538-39 (1996)). "If these conditions are met, equitable subordination is applied only to the extent necessary to undo the effect of the misconduct on other creditors." *Id.* (citing *In re Mobile Steel Co.* 563 F.2d 692, 701 (5th Cir. 1977)). Finally, the Court observed that "the type of conduct that has been considered inequitable includes breach of fiduciary duties. *Id.* (citing *In re Lifschultz Fast Freight*, 132 F.3d 339, 344-45 (7th Cir. 1997)).

The arguments proffered by the Defendants in opposition to the Plaintiffs' Motion for Summary Judgment have been made in various forms before various courts. This Court is bound by the record it has inherited. The state court Judgment was rendered and affirmed on appeal. The District Court subsequently held that Barrett's claim for contribution was barred by the doctrine of unclean hands. Judge McKinney, in reaching that conclusion, relied upon the state court Judgment which established that Barrett breached his fiduciary duty to AMFG and that Barrett's breach harmed AMFG and its shareholders.

For the same reasons that the District Court gave the state court findings preclusive effect, this Court does likewise. Issue preclusion "bars the subsequent relitigation of the same fact or same issue between the same parties or their privies where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action." *French v. French*, 821 N.E.2d 891, 896 (Ind.Ct.App. 2005) (citing *In re Adoption of Baby W.*, 796 N.E.2d 364, 373 (Ind.Ct.App. 2003)). Despite Defendants' argument to the contrary, those

rulings conclusively established that Barrett and AML breached a fiduciary duty to the Debtor and caused damages to these Plaintiffs in an amount in excess of one million dollars. This Court is obligated to give "Full Faith and Credit" to the state court judgment. To allow the Defendants to recover a portion of those monies in this proceeding would clearly undermine the findings of the state court and give the claimants an unfair advantage over the other creditors.

The Court, having considered the pleadings of record, and being otherwise fully and sufficiently advised, hereby **GRANTS** the **Plaintiffs' Motion for Summary Judgment for Equitable Subordination of the Claims of James H. Barrett and Arvinyl Metal Laminates Corp**. in accordance herewith. The Defendants' claims shall be subordinated to the extent of the state court Judgment rendered against them.

###

cc: Distribution to all counsel.